UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JESSICA T. BADILLA and ACEA M. MOSEY,
Erie County Public Administrator, as co-Administrators of the
Estate of RENE ESTRADA BADILLA, deceased;
INGRJD S. BULOS and ACEA M. MOSEY,
Erie County Public Administrator, as co-Administrators of the
Estate of HENRY BELTRAN BLJLOS, deceased;
CONSORCIA A. CASTILLO and ACEA M. MOSEY,
Erie County Public Administrator, as co-Administrators of the
Estate of BERNARDO G. CASTILLO, deceased;
JOSEPHINE R. ELBANBUENA and ACEA M. MOSEY,
Erie County Public Administrator, as co-Administrators of the
Estate of WILO M. ELBANBUBNA, deceased;
MICHELLE S. MEDINA and ACEA M. MOSEY,
Erie County Public Administrator, as co-Administrators of the
Estate of NILO T. MEDINA, deceased;
NELA A. PADURA and ACEA M. MOSEY,
Erie County Public Administrator, as co-Administrators of the
Estate of EDUARDO P. PADURA, deceased

              Plaintiffs,

                       **NOTICE OF REMOVAL**

  vs.

NATIONAL AIR CARGO, INC.,
NATIONAL AIR CARGO HOLDINGS, INC.,
NATIONAL AIR CARGO GROUP, INC.,
 a Michigan corporation, individually and
 doing business as NATIONAL AIRLINES,
NATIONAL AIR CARGO - MIDDLE EAST FZE,
 a United Arab Emirates company,
MIDWEST AIR TRAFFIC CONTROL SERVICE, INC.,
TRANSAFRIK INTERNATIONAL LTD.,
TRANSAFRIK CORPORATION LTD.,

              Defendants.

---

    PLEASE TAKE NOTICE that Defendants, NATIONAL AIR CARGO, INC., NATIONAL AIR CARGO HOLDINGS, INC., NATIONAL AIR CARGO GROUP, INC. and NATIONAL AIR CARGO – MIDDLE EAST FZE (hereinafter referred to as "National Air

Cargo Defendants"), hereby file this Notice of Removal in the above-referenced action, with full reservation of all defenses, from the Supreme Court of the State of New York, County of Erie, to the United States District Court, Western District of New York, pursuant to 28 U.S.C. §§ 1332 and 1441.

In support of removal to this Court and with full reservation of any and all defenses, the National Air Cargo Defendants respectfully state as follows:

**PLAINTIFFS' COMPLAINT AND NATURE OF ACTION:**

1. Defendants National Air Cargo, Inc., National Air Cargo Holdings, Inc., National Air Cargo Group, Inc., and National Air Cargo – Middle East FZE are defendants in a civil action brought against them by the filing of a Summons and Complaint on October 2, 2012 in the Supreme Court of the State of New York, County of Erie, entitled:

JESSICA T. BADILLA and ACEA M. MOSEY, Erie County Public Administrator, as
co-Administrators of the estate of RENE ESTRADA BADILLA, deceased,
INGRID S. BULOS and ACEA M. MOSEY, Erie County Public Administrator, as
co-Administrators of the estate of HENRY BELTRAN BIJLOS, deceased,
CONSORCIA A. CASTILLO and ACEAM. MOSEY, Erie County Public Administrator,
as co-Administrators of the estate of BERNARDO G. CASTILLO, deceased,
JOSEPHINE R. ELBANBUENA and ACEA M. MOSEY, Erie County Public Administrator,
as co-Administrators of the estate of WILO M. ELBANBUENA, deceased, MICHELLE S.
MEDINA and ACEA M. MOSEY, Erie County Public Administrator, as co-Administrators of
the estate of NILO T. MEDINA, deceased, and NELA A. PADURA and ACEA M. MOSEY,
Erie County Public Administrator, as co-Administrators of the estate of EDUARDO P.
PADURA, deceased, Plaintiffs,
v.
NATIONAL AIR CARGO, INC., NATIONAL AIR CARGO HOLDINGS, INC., NATIONAL
AIRCARGO GROUP, INC.*,* a Michigan corporation, individually and doing business as
NATIONAL AIRLINES, NATIONAL AIR CARGO – MIDDLE EAST FZE, a United Arab
Emirates Company, MIDWEST AIR TRAFFIC CONTROL SERVICE, INC., a Kansas
corporation, TRANSAFRIK INTERNATIONAL LTD., and TRANSAFRIK CORPORATION
LTD., Defendants.

2. Pursuant to Rule 81(a)(3)(A) of the Local Rule of Civil Procedure, annexed hereto as **Exhibit A** is an Index of the State Court pleadings in this matter.

3. A copy of Plaintiffs' Summons and Complaint filed in the State Court action is annexed hereto as **Exhibit B.**

4. No further proceedings have been had in the Supreme Court of the State of New York, County of Erie, as of the date of the filing of this Notice of Removal.

5. Upon information and belief, the Plaintiff decedents were citizens of the Philippines. Co-administrators of the estate of the plaintiff decedents have been appointed who upon information and belief are citizens of the State of New York. However, pursuant to 28 U.S.C. Section 1332, representatives of an estate are deemed to be citizens of the state of which the decedent was a citizen.

6. Upon information and belief, the defendant TRANSAFRIK INTERNATIONAL, LTD., is a corporation organized and existing under the laws of a foreign state, with its principal place of business in the Channel Islands.

7. Upon information and belief, the defendant TRANSAFRIK CORPORATION, LTD., is a corporation organized and existing under the laws of a foreign state, with its principal place of business in the Isle of Man.

8. Upon information and belief, the defendant MIDWEST AIR TRAFFIC CONTROL SERVICE, INC. is a corporation organized and existing under the laws of the State of Kansas, with its principal place of business in the State of Kansas.

9. The defendant, NATIONAL AIR CARGO-MIDDLE EAST FZE, is a free zone entity organized and existing under the laws of a foreign state, with its principal place of business in the United Arab Emirates.

10. The defendant, NATIONAL AIR CARGO GROUP, INC., is a corporation organized and existing under the laws of the State of Michigan, with its principal place of

business in the State of Michigan.

11. The defendants, NATIONAL AIR CARGO, INC. and NATIONAL AIR CARGO HOLDINGS, INC., are corporations organized and existing under the laws of the State of New York, having their principal place of business in Orchard Park, New York.

## DIVERSITY JURISDICTION IS PROPER

12. This action is one over which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, and is one which may be removed to this Court by the National Air Cargo Defendants pursuant to the provision of Title 28, United States Code, Section 1441, in that it a civil action brought in a State Court by citizens of a foreign state against citizens of States of the United States, and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

## COMPLETE DIVERSITY EXISTS

13. Although two of the defendant corporations are citizens of the State of New York, the action is removable to this Court pursuant to the principle of fraudulent joinder. See, Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1988). The NATIONAL AIR CARGO defendants submit that there is no possibility, based on the pleadings, that the plaintiffs can state a cause of action against NATIONAL AIR CARGO, INC., or NATIONAL AIR CARGO HOLDINGS, INC., in State Court.

14. The Complaint alleges that this action arises from the crash of a cargo plane in Afghanistan in October, 2010. Upon information and belief, the flight was operating pursuant to a lease between the defendant TRANSAFRIK INTERNATIONAL LTD. and NATIONAL AIR CARGO MIDDLE EAST - FZE.

15. National Air Cargo, Inc. and National Air Cargo Holdings, Inc. had no

involvement, association, or connection of any kind with the subject aircraft, flight, or lease. Annexed hereto as **Exhibit C** is the Affidavit of Brian Conaway, Vice President of Finance to both corporations, that addresses the facts relevant to these issues.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

16.  The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

17.  Where removal of a civil action is sought on the basis of diversity jurisdiction:

> the sum demanded in good faith in the initial pleadings shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks…a monetary judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and removal of the action is proper on the basis of an amount in controversy asserted…if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].

28 U.S.C. § 1146(c)(2).

18.  Given the damages alleged in Plaintiff's Complaint, this action fulfills the amount in controversy requirement.

## REMOVAL IS TIMELY

19.  Pursuant to 28 U.S.C. § 1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, this Notice of Removal is timely filed.

20.  Plaintiff's Complaint was filed in Erie County on October 2, 2012, and served on Defendants on October 3, 2012.  As such, removal is timely.

## NOTICE, PLEADINGS AND PROCESS

21. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Supreme Court of New York, County of Erie.

## VENUE IS PROPER

22. The United States District Court for the Western District of New York includes Erie County, New York, the County in which the State Court action is pending and thus, pursuant to 28 U.S.C. § 124(b)(2), venue is proper.

## RESERVATION OF DEFENSES AND RIGHTS

23. Defendants reserve all defenses, including, without limitation, the defenses of lack of personal jurisdiction.

24. Defendants reserve the right to amend or supplement this Notice of Removal.

25. Defendants request trial by jury on all issues.

WHEREFORE, the NATIONAL AIR CARGO defendants pray that the above action now pending against them in the Supreme Court of the State of New York, County of Erie, be removed therefrom to this Court.

Dated:   Buffalo, New York
         November 1, 2012

                                    HURWITZ & FINE, P.C.


                                    By:      /s/Dan D. Kohane
                                    Dan D. Kohane, Esq.
                                    *Attorneys for Defendants, National Air Cargo, Inc., National Air Cargo Holdings, Inc., National Air Cargo Group, Inc. and National Air Cargo – Middle East FZE.*
                                    1300 Liberty Building
                                    Buffalo, New York 14202
                                    (716) 849-8900

TO:   NOLAN LAW GROUP
     Donald L. Nolan, Esq.
     *Attorneys for Plaintiffs*
     20 North Clark Street, 30th Floor
     Chicago, Illinois  60602
     (312) 630-4000

     GROSS, SHUMAN, BRIZDLE, & GILFILLAN, P.C.
     Howard B. Cohen, Esq.
     *Attorneys for Plaintiffs*
     465 Main Street, Suite 600
     Buffalo, New York  14203
     (716) 854-4300