EXHIBIT B

STATE OF NEW YORK
SUPREME COURT     :       COUNTY OF ERIE

---

JESSICA T. BADILLA and ACEA M. MOSEY,
Erie County Public Administrator, as
co-Administrators of the estate of
RENE ESTRADA BADILLA, deceased
625 Delaware Avenue
Suite 304
Buffalo, New York  14202;

INGRID S. BULOS and ACEA M. MOSEY,
Erie County Public Administrator, as
co-Administrators of the estate of
HENRY BELTRAN BULOS, deceased
625 Delaware Avenue
Suite 304
Buffalo, New York  14202;

CONSORCIA A. CASTILLO and ACEA
M. MOSEY, Erie County Public Administrator,
as co-Administrators of the estate of
BERNARDO G. CASTILLO, deceased
625 Delaware Avenue
Suite 304
Buffalo, New York  14202;

JOSEPHINE R. ELBANBUENA and ACEA
M. MOSEY, Erie County Public Administrator,
as co-Administrators of the estate of
WILO M. ELBANBUENA, deceased
625 Delaware Avenue
Suite 304
Buffalo, New York  14202;

MICHELLE S. MEDINA and ACEA M.
MOSEY, Erie County Public Administrator, as
co-Administrators of the estate of
NILO T. MEDINA, deceased
625 Delaware Avenue
Suite 304
Buffalo, New York  14202; and

**SUMMONS**

Index No. I 2012-3333

Plaintiffs designate Erie  County as
the place of trial.

The basis of venue is address of
Defendants, National Air Cargo, Inc.
and National Air Cargo Holdings,
Inc.

FILED
10/08/2012,  11:28:50
ERIE  COUNTY  CLERK
RCPT # 12153106
I  201200 3333

NELA A. PADURA and ACEA M. MOSEY,
Erie County Public Administrator, as
co-Administrators of the estate of
EDUARDO P. PADURA, deceased
625 Delaware Avenue
Suite 304
Buffalo, New York 14202;

                                Plaintiffs,
        v.

NATIONAL AIR CARGO, INC., a New
York corporation
350 Windward Drive
Orchard Park, New York 14127;

NATIONAL AIR CARGO HOLDINGS, INC.,
a New York corporation
350 Windward Drive
Orchard Park, New York 14127;

NATIONAL AIR CARGO GROUP, INC.,
a Michigan corporation, individually and
doing business as NATIONAL AIRLINES
835 Willow Run Airport
Ypsilanti, Michigan 48198;

NATIONAL AIR CARGO – MIDDLE EAST FZE,
a United Arab Emirates company
P. O. Box 54429 W101
West Wing Dubai Airport Free Zone
Dubai, United Arab Emirates;

MIDWEST AIR TRAFFIC CONTROL
SERVICE, INC., a Kansas corporation
c/o National Registered Agents, Inc.
111 Eight Avenue
New York, New York 10011;

TRANSAFRIK INTERNATIONAL LTD.,
a United Kingdom company
52 Upper Park
Loughton, Essex Channel Islands; and

- 2 -

TRANSAFRIK CORPORATION LTD.,
a United Kingdom company
31-37 North Quay
Douglas Isle of Man IMI 4LB;

                    Defendants.

TO THE ABOVE-NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a
copy of your Answer, or, if the Complaint is not served with this Summons, to serve a notice of
appearance, on the Plaintiffs' attorney(s) within twenty (20) days after the service of this
Summons, exclusive of the day of service (or within thirty (30) days after the service is complete
if this Summons is not personally delivered to you within the State of New York); and in case of
your failure to appear or Answer, judgment will be taken against you by default for the relief
demanded in the Complaint.

Dated:        Buffalo, New York
              October 1, 2012

                              NOLAN LAW GROUP

                              By: _____
                              Donald J. Nolan, Esq.
                              *Attorneys for Plaintiffs*
                              20 North Clark Street, 30th Floor
                              Chicago, Illinois  60602
                              (312) 630-4000

                                   -and-

                              GROSS, SHUMAN, BRIZDLE &
                              GILFILLAN, P.C.

                              By: _____
                              Howard B. Cohen, Esq.
                              *Attorneys for Plaintiff*
                              465 Main Street, Suite 600
                              Buffalo, New York  14203
                              (716) 854-4300

Doc #373882.1

- 3 -

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

_____

JESSICA T. BADILLA and ACEA M. MOSEY,
Erie County Public Administrator, as
co-Administrators of the estate of
RENE ESTRADA BADILLA, deceased

INGRID S. BULOS and ACEA M. MOSEY,
Erie County Public Administrator, as
co-Administrators of the estate of
HENRY BELTRAN BULOS, deceased;

CONSORCIA A. CASTILLO and ACEA
M. MOSEY, Erie County Public Administrator,
as co-Administrators of the estate of
BERNARDO G. CASTILLO, deceased;

JOSEPHINE R. ELBANBUENA and ACEA
M. MOSEY, Erie County Public Administrator,
as co-Administrators of the estate of
WILO M. ELBANUENA, deceased;

MICHELLE S. MEDINA and ACEA M.
MOSEY, Erie County Public Administrator, as
co-Administrators of the estate of
NILO T. MEDINA, deceased; and

NELA A. PADURA and ACEA M. MOSEY,
Erie County Public Administrator, as
co-Administrators of the estate of EDUARDO
P. PADURA, deceased;

                   Plaintiffs,
       v.

NATIONAL AIR CARGO, INC., a New
York corporation;

NATIONAL AIR CARGO HOLDINGS, INC.,
a New York corporation;

NATIONAL AIR CARGO GROUP, INC.,
a Michigan corporation, individually and
doing business as NATIONAL AIRLINES;

**COMPLAINT**

Index No. _I 2012-3333_


FILED
ACTIONS & PROCEEDINGS
OCT 02 2012
ERIE COUNTY
CLERK'S OFFICE

NATIONAL AIR CARGO – MIDDLE EAST FZE,
a United Arab Emirates company;

MIDWEST AIR TRAFFIC CONTROL
SERVICE, INC., a Kansas corporation;

TRANSAFRIK INTERNATIONAL LTD.
a United Kingdom company; and

TRANSAFRIK CORPORATION LTD
a United Kingdom company;

                              Defendants.

_____

     Plaintiffs, JESSICA T. BADILLA and ACEA M. MOSEY, Erie County Public Administrator, as co-Administrators of the estate of RENE ESTRADA BADILLA, deceased; INGRID S.  BULOS and ACEA M. MOSEY, Erie County Public Administrator, as co-Administrators of the estate of  HENRY BELTRAN BULOS, deceased; CONSORCIA A. CASTILLO and ACEA M. MOSEY, Erie County Public Administrator, as co-Administrators of the estate of BERNARDO G. CASTILLO, deceased; JOSEPHINE R. ELBANBUENA and ACEA M. MOSEY, Erie County Public Administrator, as co-Administrators of the estate of WILO M. ELBANUENA, deceased; MICHELLE S. MEDINA and ACEA M. MOSEY, Erie County Public Administrator, as co-Administrators of the estate of NILO T. MEDINA, deceased; and NELA A. PADURA and ACEA M. MOSEY Erie County Public Administrator, as co-Administrators of the estate of EDUARDO P. PADURA, deceased; deceased, by their attorneys, for their complaint against the defendants allege:

1.     On October 12, 2010 and all times herein relevant, the defendant, NATIONAL AIR CARGO, INC., was and continues to be a corporation organized and existing under the laws of the State of New York which maintains its principal place of business in Erie County, New York.

2.     On October 12, 2010 and all times herein relevant, the defendant, NATIONAL AIR CARGO HOLDINGS, INC., was and continues to be a corporation organized and existing under the laws of the State of New York which maintains its principal place of business in Erie County, New York.

3.     On October 12, 2010 and all times herein relevant, the defendant, NATIONAL AIR CARGO GROUP, INC., was and continues to be a corporation organized and existing under the laws of the State of Michigan which conducts regular and substantial business in Erie County, New York and which conducts business under the assumed and/or fictitious name NATIONAL AIRLINES.

4.     On October 12, 2010 and all times herein relevant, the defendant, NATIONAL AIR CARGO – MIDDLE EAST FZE, was and continues to be a company organized under the laws of the United Arab Emirates which is a wholly owned subsidiary of defendants, NATIONAL AIR CARGO, INC. and/or NATIONAL AIR CARGO HOLDINGS, INC., and/or NATIONAL AIR CARGO GROUP, INC., and conducts regular and substantial business in Erie County, New York.

5.     On October 12, 2010 and all times herein relevant, the defendant, MIDWEST AIR TRAFFIC CONTROL SERVICE, INC., was and continues to be a corporation organized and existing under the laws of the State of Kansas which maintains a registered agent in the State of New York and conducts regular and substantial business in the State of New York.

3

6.     On October 12, 2010 and all times herein relevant, the defendant, TRANSAFRIK INTERNATIONAL LIMITED, was and continues to be a company organized under the laws of the United Kingdom which conducts regular and substantial business in Erie County, New York, including the specific business transaction from which this action arises.

7.     On October 12, 2010 and all times herein relevant, the defendant, TRANSAFRIK CORPORATION, was and continues to be a company organized under the laws of the United Kingdom which conducts regular and substantial business in Erie County, New York, including the specific business transaction from which this action arises.

8.     On October 12, 2010 and all times herein relevant, the plaintiffs' decedents, RENE ESTRADA BADILLA, HENRY BELTRAN BULOS, BERNARDO G. CASTILLO, WILO M. ELBANUENA, NILO T. MEDINA, and EDUARDO P. PADURA, and each of them, were residents of the Republic of the Philippines.

9.     On October 12, 2010 the plaintiffs' decedents, RENE ESTRADA BADILLA, HENRY BELTRAN BULOS, BERNARDO GABAYAN CASTILLO, WILO MONTEMAR ELBANUENA, NILO TIMPUG MEDINA, and EDUARDO PAGTOLON-AN PADURA, and each of them, died as the result of an aircraft accident near Kabul, Afghanistan.

10.    The plaintiffs were appointed Administrators of the estates of plaintiffs' decedents pursuant to an Order of the Surrogate's Court of the County of Erie and the State of New York, and Limited Letters of Administration were issued.   Copies of the Limited Letters of Administration are attached as Group Exhibit A.

11.    Prior to October 12, 2010, the defendants, NATIONAL AIR CARGO, INC. and/or NATIONAL AIR CARGO HOLDINGS, INC., and/or NATIONAL AIR CARGO GROUP, INC., and/or NATIONAL AIR CARGO – MIDDLE EAST FZE, contracted to provide

4

certain air transportation services in support of the mission of the North Atlantic Treaty Organization ("NATO") in Afghanistan, including but not limited to the provision of aircraft, labor, crew, materials, equipment, insurance, and supervision related to those air transportation services.

12.    Defendants, NATIONAL AIR CARGO, INC., NATIONAL AIR CARGO HOLDINGS, INC., NATIONAL AIR CARGO GROUP, INC., and NATIONAL AIR CARGO – MIDDLE EAST FZE are companies with extensive experience in all aspects of air carrier operations, including maintenance, flight operations, flight training and flight safety.

13.    Defendants, NATIONAL AIR CARGO, INC., NATIONAL AIR CARGO HOLDINGS, INC., NATIONAL AIR CARGO GROUP, INC., and NATIONAL AIR CARGO – MIDDLE EAST FZE, offered their experience as safe and efficient providers or air transportation services as a basis to secure an agreement to provide air transportation services in support of NATO's mission in Afghanistan.

14.    Prior to and/or on October 12, 2010, defendants, NATIONAL AIR CARGO, INC. and/or NATIONAL AIR CARGO HOLDINGS, INC., and/or NATIONAL AIR CARGO GROUP, INC., and/or NATIONAL AIR CARGO – MIDDLE EAST FZE,  leased a certain aircraft known as a Lockheed Model L-100-20 (L-382E) airplane bearing aircraft registration 5X-TUC and airframe serial number 4362 (hereinafter "subject aircraft"), from its owner and/or lessor, the defendant, TRANSAFRIK INTERNATIONAL LIMITED and/or defendant, TRANSAFRIK CORPORATION, for the purpose of providing the aforesaid air transportation services in support of NATO's mission in Afghanistan.

15.    On October 12, 2010 and all times relevant herein, the subject aircraft was owned and maintained by defendant, TRANSAFRIK INTERNATIONAL LIMITED and/or defendant,

TRANSAFRIK CORPORATION, and said defendants further exercised certain operational control over the subject aircraft together with defendants, NATIONAL AIR CARGO, INC. and/or NATIONAL AIR CARGO HOLDINGS, INC., and/or NATIONAL AIR CARGO GROUP, INC., and/or NATIONAL AIR CARGO – MIDDLE EAST FZE.

16.     On and prior to October 12, 2010, the subject aircraft was registered in the country of Uganda and its airworthiness regulated by the civil aviation authority of Uganda.  The defendants, NATIONAL AIR CARGO, INC. and/or NATIONAL AIR CARGO HOLDINGS, INC., and/or NATIONAL AIR CARGO GROUP, INC., and/or NATIONAL AIR CARGO – MIDDLE EAST FZE, knew at the time they contracted with defendant, TRANSAFRIK INTERNATIONAL LIMITED and/or defendant, TRANSAFRIK CORPORATION, that the quality of the regulatory oversight in Uganda was not safe and did not meet international aviation standards for safety.

17.     On October 12, 2010, defendants, NATIONAL AIR CARGO, INC. and/or NATIONAL AIR CARGO HOLDINGS, INC., and/or NATIONAL AIR CARGO GROUP, INC., and/or NATIONAL AIR CARGO – MIDDLE EAST FZE, and/or TRANSAFRIK INTERNATIONAL LIMITED and/or TRANSAFRIK CORPORATION, jointly operated the subject aircraft as National Airlines Flight 662 from Bagram Air Base, Afghanistan to its intended destination of Kabul International Airport, Afghanistan.

18.     On October 12, 2010, plaintiffs' decedents, RENE ESTRADA BADILLA, HENRY BELTRAN BULOS, BERNARDO G. CASTILLO, WILO M. ELBANUENA, NILO T. MEDINA, and EDUARDO P. PADURA, and each of them, were employees of Air Transafrik (Uganda), Ltd., on board National Airlines Flight 662 in the furtherance of their employment duties.

6

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE
DEFENDANTS, NATIONAL AIR CARGO, INC., NATIONAL AIR
CARGO HOLDINGS, INC., NATIONAL AIR CARGO GROUP, INC.,
NATIONAL AIR CARGO – MIDDLE EAST FZE, TRANSAFRIK
INTERNATIONAL LIMITED, AND TRANSAFRIK CORPORATION,
THE PLAINTIFFS, AND EACH OF THEM, ALLEGE:**

19.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "18" of this Complaint with the same force and effect as if

fully set forth herein.

20.     Under the terms of the lease of the subject aircraft and relevant aviation

regulations, defendants, NATIONAL AIR CARGO, INC. and/or NATIONAL AIR CARGO

HOLDINGS, INC. and/or NATIONAL AIR CARGO GROUP, INC., and/or NATIONAL AIR

CARGO – MIDDLE EAST FZE, and each of them, had the duty and ability to control the

conduct of defendants, TRANSAFRIK INTERNATIONAL LIMITED and TRANSAFRIK

CORPORATION, to require the aircraft being supplied for National Airlines Flight 662 be in a

safe and airworthy condition, and further had the duty and ability to control the conduct of

defendants,     TRANSAFRIK     INTERNATIONAL     LIMITED     and     TRANSAFRIK

CORPORATION, to require that the flight crews being supplied to operate National Airlines

Flight 662 be properly and adequately trained and provided necessary navigational information

to safely operate in the particular environment and terrain in and around Kabul, Afghanistan.

21.     On October 12, 2010, defendants, NATIONAL AIR CARGO, INC. and/or

NATIONAL AIR CARGO HOLDINGS, INC. and/or NATIONAL AIR CARGO GROUP,

INC., and/or NATIONAL AIR CARGO – MIDDLE EAST FZE, further knew the necessity for

exercising such contractual control over defendant, TRANSAFRIK INTERNATIONAL

7

LIMITED, and National Airlines Flight 662 for the safety of the aircraft, the persons onboard the aircraft, and persons and property on the ground.

22.    On October 12, 2010 and at all times herein relevant, it was the duty of the defendants, NATIONAL AIR CARGO, INC., NATIONAL AIR CARGO HOLDINGS, INC., NATIONAL AIR CARGO GROUP, INC., NATIONAL AIR CARGO – MIDDLE EAST FZE, TRANSAFRIK INTERNATIONAL LIMITED and TRANSAFRIK CORPORATION, and each of them, to exercise reasonable care in providing air transportation services and/or the supervision of air transportation services so as not to cause injury to persons and property, including injury to plaintiffs' decedents, RENE ESTRADA BADILLA, HENRY BELTRAN BULOS, BERNARDO G. CASTILLO, WILO M. ELBANUENA, NILO T. MEDINA, and EDUARDO PAGTOLON-AN PADURA, and each of them.

23.    Notwithstanding the aforesaid duty, the defendants, NATIONAL AIR CARGO, INC., NATIONAL AIR CARGO HOLDINGS, INC., NATIONAL AIR CARGO GROUP, INC., NATIONAL AIR CARGO – MIDDLE EAST FZE, TRANSAFRIK INTERNATIONAL LIMITED, and TRANSAFRIK CORPORATION, and each of them, breached their respective duty of care to plaintiffs' decedents, RENE ESTRADA BADILLA, HENRY BELTRAN BULOS, BERNARDO G. CASTILLO, WILO M. ELBANUENA, NILO T. MEDINA, and EDUARDO P. PADURA, and each of them, in particulars including but not limited to the following:

      (a)    Negligently and carelessly procured and provided an aircraft for use in air commerce that was not in an airworthy or safe condition in particulars including but not limited to the terrain avoidance warning system (TAWS) was inoperative, the autopilot was unserviceable, the traffic collision avoidance system (TCAS) was inoperative in flight, the number 1, 3, and 4 fuel gauges were unusable, the #2 throttle 1 knob was misaligned and the #2 fuel flow and propeller RPM gauges or components were malfunctioning, and the propeller synchrophaser was unserviceable; and/or

8

(b)     Negligently and carelessly dispatched an aircraft for flight that was not in an airworthy or safe condition in particulars including but not limited to the terrain avoidance warning system (TAWS) was inoperative, the autopilot was unserviceable, the traffic collision avoidance system (TCAS) was inoperative in flight, the number 1, 3, and 4 fuel gauges were unusable, the #2 throttle 1 knob was misaligned and the #2 fuel flow and propeller RPM gauges or components were malfunctioning, and the propeller synchrophaser was unserviceable; and/or

(c)     Negligently and carelessly failed to require and/or provide specific training to the flight crew of National Airlines Flight 662 relative to the operating environment, unsafe conditions, and dangers to be reasonably anticipated during approaches into Kabul International Airport, including flight in mountainous regions and night time approaches into Kabul International Airport; and/or

(d)     Negligently and carelessly failed to require and/or provide proper and adequate navigational aids, including proper and current maps, charts, and approach plates to the flight crew of National Airlines Flight 662 necessary to safely complete the intended flight; and/or

(e)     Negligently and carelessly failed to ensure proper and safe crew pairing for the intended flight.

24.     As a direct and proximate result of the breach of duty by the defendants, NATIONAL AIR CARGO, INC., NATIONAL AIR CARGO HOLDINGS, INC., NATIONAL AIR CARGO GROUP, INC., NATIONAL AIR CARGO – MIDDLE EAST FZE, TRANSAFRIK INTERNATIONAL LIMITED and TRANSAFRIK CORPORATION, and each of them, on October 12, 2010 the subject aircraft while being operated as National Airlines Flight 662 was caused to and did crash into a mountain east of Kabul International Airport, Afghanistan, killing all individuals on board the aircraft, including plaintiffs' decedents, RENE ESTRADA BADILLA, HENRY BELTRAN BULOS, BERNARDO G. CASTILLO, WILO M. ELBANUENA, NILO T. MEDINA, and EDUARDO P. PADURA, and each of them.

25.     The Plaintiffs' Decedents are survived by their spouses, children, and parents, all of whom have suffered and will continue to suffer loss by reason of Decedents' deaths, all of

9

whom are Distributees as defined by the New York State Estates, Powers and Trusts Law.

26.    As a result of the Plaintiffs' Decedents' untimely deaths, the Decedents' Distributees, and each of them, have sustained pecuniary injuries, losses and damages, including, without limitation, the expenditure of money for funeral and administrative expenses, and in addition, have been and will continue to be deprived of Plaintiffs' Decedents' nurturing and care, services, income and assistance, all of which Plaintiffs' Decedents would have provided had death not intervened.

27.    That by reason of the foregoing, Decedents' Distributees, and each of them, have been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT, MIDWEST AIR TRAFFIC CONTROL SERVICE, INC., THE PLAINTIFFS, AND EACH OF THEM, ALLEGE:**

28.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "27" of this Complaint with the same force and effect as if fully set forth herein.

29.    On October 12, 2010, National Airlines Flight 662 was operating under visual flight rules ("VFR") from Bagram Air Base, Afghanistan en route to its intended destination of Kabul International Airport, Afghanistan.

30.    On October 12, 2010, defendant, MIDWEST AIR TRAFFIC CONTROL SERVICE, INC., pursuant to contract and for profit, provided certain air traffic control services in the airspace over and around Kabul International Airport including procedural air traffic control services and approach control services.

10

31.     On October 12, 2010, National Airlines Flight 662 was operating in the Afghan airspace controlled by defendant, MIDWEST AIR TRAFFIC CONTROL SERVICE, INC., and was, in fact, receiving air traffic control services from defendant, MIDWEST AIR TRAFFIC CONTROL SERVICE, INC.

32.     That it then and there became and was the duty of defendant, MIDWEST AIR TRAFFIC SERVICES, INC., to exercise reasonable care in its conduct and in accordance with the terms and conditions of its contract so as not to cause injury to persons and property aboard National Airlines Flight 662, including injury to plaintiffs' decedents, RENE ESTRADA BADILLA, HENRY BELTRAN BULOS, BERNARDO G. CASTILLO, WILO M. ELBANUENA, NILO T. MEDINA, and EDUARDO PAGTOLON-AN PADURA, and each of them.

33.     Notwithstanding the aforesaid duty, the defendant, MIDWEST AIR TRAFFIC CONTROL SERVICE, INC., breached its duty of care to plaintiffs' decedents, RENE ESTRADA BADILLA, HENRY BELTRAN BULOS, BERNARDO G. CASTILLO, WILO M. ELBANUENA, NILO T. MEDINA, and EDUARDO P. PADURA, and each of them, in particulars including but not limited to the following:

(a)     Negligently and carelessly gave instruction to National Airlines Flight 662 to execute an approach downwind for runway 29 at Kabul International Airport and to maintain visual separation from a preceding aircraft at a time when it knew or should have known such instruction was unsafe and dangerous; and/or

(b)     Negligently and carelessly failed to provide National Airlines Flight 662 with a warning it was below the minimum safe altitude for the area in which it was operating; and/or

(c)     Negligently and carelessly failed to provide necessary instruction to keep a safe and proper separation between National Airlines Flight 662 and the surrounding terrain; and/or

11

(d)     otherwise negligently and carelessly failed to provide proper and safe instructions, warnings, and/or other air traffic control services to National Airlines Flight 662.

34.     As a direct and proximate result of the breach of duty by the defendant, MIDWEST AIR TRAFFIC CONTROL SERVICE, INC., on October 12, 2010 the subject aircraft while being operated as National Airlines Flight 662 was caused to and did crash into a mountain east of Kabul International Airport, Afghanistan, killing all individuals on board the aircraft, including plaintiffs' decedents, RENE ESTRADA BADILLA, HENRY BELTRAN BULOS, BERNARDO G. CASTILLO, WILO M. ELBANUENA, NILO T. MEDINA, and EDUARDO P. PADURA, and each of them.

35.     The Plaintiffs' Decedents are survived by their spouses, children, and parents, all of whom have suffered and will continue to suffer loss by reason of Decedents' deaths, all of whom are Distributees as defined by the New York State Estates, Powers and Trusts Law.

36.     As a result of the Plaintiffs' Decedents' untimely deaths, the Decedents' Distributees, and each of them, have sustained pecuniary injuries, losses and damages, including, without limitation, the expenditure of money for funeral and administrative expenses, and in addition, have been and will continue to be deprived of Plaintiffs' Decedents' nurturing and care, services, income and assistance, all of which Plaintiffs' Decedents would have provided had death not intervened.

37.     That by reason of the foregoing, Decedents' Distributees, and each of them, have been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

12

WHEREFORE plaintiffs, and each of them, demand judgment against the defendants, either jointly or severally, in the First and Second Causes of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of the action, and for such other, further, and different relief as to the Court may seem just and proper.

NOLAN LAW GROUP,

By: _____ 9/28/12
Donald J. Nolan, Esq.
*Attorneys for Plaintiffs*
20 North Clark Street, 30th Floor
Chicago, Illinois 60602
(312) 630-4000

-and-

GROSS SHUMAN BRIZDLE & GILFILLAN, P.C.

By: _____ 9/28/12
Howard B. Cohen, Esq.
*Attorneys for Plaintiffs*
465 Main Street, Suite 600
Buffalo, New York 14203
(716) 854-4300

13